1   Michael B. Garfinkel, Bar No. 156010
2   MGarfinkel@perkinscoie.com
    Oliver M. Gold, Bar No. 279033
3   OGold@perkinscoie.com
4   **PERKINS COIE LLP**
    1888 Century Park East, Suite 1700
5   Los Angeles, CA  90067-1721
6   Telephone:  310.788.9900
    Facsimile:  310.788.3399
7
8   Attorneys for Defendant
    TREK BICYCLE CORPORATION
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  MAKE HIM SMILE, INC., a California corporation, | Case No.: 2:17-cv-7136 |
| 14 | **DEFENDANT TREK BICYCLE** |
| 15            Plaintiff, | **CORPORATION'S NOTICE OF** |
| 16       v. | **REMOVAL** |
| 17  TREK BICYCLE CORPORATION, a | [Complaint filed September 11, 2017 |
| 18  Wisconsin corporation; and DOES 1 through 1000, inclusive, | and removed from the Superior Court of the State of California for the County of |
| 19            Defendants. | Los Angeles, Case No. BC675506] |
| 20 | |

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a) and 1446, Defendant Trek Bicycle Corporation ("Trek") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to this Court on the grounds that complete diversity exists and the amount in controversy exceeds $75,000.

## I.     INTRODUCTION

### A.     The Complaint

On September 11, 2017, Plaintiff Make Him Smile, Inc., a California corporation ("Plaintiff"), commenced an action in the California Superior Court, County of Los Angeles, titled *Make Him Smile, Inc., a California corporation v. Trek Bicycle Corporation, Inc., a Wisconsin corporation; DOES 1 through 1000, inclusive*, Case No. BC675506.  Pursuant to 28 U.S.C. § 1446(a), a copy of the complaint filed in that action (the "Complaint"), is attached hereto as <u>Exhibit 1</u>. Plaintiff served Trek with a copy of the Complaint and summons from the Superior Court on September 22, 2017.  A copies of the summons served on Trek is attached hereto as <u>Exhibit 2</u>.

The Complaint purports to allege four causes of action against Trek for: (1) California Common Law Misappropriation; (2) Violation of Civil Code § 3344.1; (3) False Endorsement in Violation of Lanham Act, 15 U.S.C. § 1125(a); and (4) Unfair Business Practices in Violation of California Business and Professions Code § 17200.

The Complaint's prayer for relief seeks, among other things, the following forms of relief: (1) compensatory damages, which are alleged to exceed $10 million; (2) injunctive relief; (3) prejudgment interest; (4)  attorneys' fees, costs and expenses; (5) punitive and exemplary damages; and (6) statutory damages. (Compl., 21).

NOTICE OF REMOVAL

## II.    GROUNDS FOR REMOVAL

**A.    The Present Action is Removable Under 28 U.S.C. § 1332(a).**

Under 28 U.S.C. § 1441(a), a defendant may generally remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Pursuant to 28 U.S.C. § 1332(a), the district courts of the United States have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between parties of diverse citizenship.

### 1.    Diversity Jurisdiction is Established.

According to the Complaint, Plaintiff is a California corporation with its principal place of business in the State of California. (Compl., ¶ 1). Pursuant to 28 U.S.C. § 1332(c)(1), for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." Plaintiff is thus a citizen of California for purposes of diversity jurisdiction.

The Complaint also acknowledges that Trek is, and at all times relevant was a Wisconsin corporation with its principal place of business in Waterloo, Wisconsin. (Compl., ¶ 2). Accordingly, Trek is a citizen of Wisconsin for purposes of diversity jurisdiction.

For purposes of establishing diversity jurisdiction, "Title 28 U.S.C. § 1332 confers diversity jurisdiction in the district courts when a citizen of one State sues [] citizens of a State different from the plaintiff[]." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 826, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). Additionally, "[a] corporation of a foreign state is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91, 122 S. Ct. 2054, 153 L. Ed. 2d 95 (2002) (stating "for purposes of

NOTICE OF REMOVAL

international law, a corporation has the nationality of the state under the laws of which the corporation is organized.").

The citizenship of Plaintiff is distinct from the citizenship of the only named defendant, Trek, and thus, complete diversity exists.

**2.     The Amount in Controversy Exceeds $75,000.**

For a case to be removable based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).  In determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks and citation omitted).  A removing defendant must establish the amount in controversy by a preponderance of the evidence, and "[t]his burden can easily be met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000."  *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 704 (9th Cir. 2007)); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001.

It is facially clear from the allegations in the Complaint that the amount in controversy exceeds $75,000.  Paragraph 43 of the Complaint alleges "[a]s a direct and proximate result of Defendants' misappropriation of the Farley IP, Defendants have illicitly generated gross revenues and profits in an amount to be established a trial, but which is believed to exceed $10,000,000."  (Compl., ¶ 43) (alleging damages for the first cause of common law misappropriation.))  Similar allegations repeat throughout the Complaint for each other cause of action alleged.  (*See, e.g.*, *id.*, ¶ 54 (violation of Civil Code § 3344.1) ("[a]s a further direct and proximate result of Defendants' misappropriation of the Farley IP, Plaintiff has incurred actual damages in an amount to be established at trial but which is believed to exceed $10,000,000, and is entitled to statutory damages."); ¶¶ 64–65 (further seeking

NOTICE OF REMOVAL

treble damages, attorneys' fees, and Trek's profits for purported false endorsement in violation of the Lanham Act).

Assuming, as the Court must, that the allegations in the Complaint are true, the amount in controversy clearly exceeds the $75,000 threshold, exclusive of interest and costs.  *See Kenneth Rothschild Trust*, 199 F.Supp.2d at 1001. Accordingly, because the matter in controversy exceeds $75,000 and there is complete diversity among the parties, this Court has original subject matter jurisdiction over this action.  *See* 28 U.S.C. § 1332 (a)(1).

**B.     Defendants Have Satisfied All Other Requirements of the Removal Procedure**

Trek was served with a copy of the Complaint and summons on September 22, 2017.  A copy of the summons served on Trek, is attached hereto as Exhibit 2.  This notice is timely filed pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached hereto.  Copies of the Complaint, Summons, Civil Case Cover Sheet (with Addendum and Statement of Location), Notice of Case Assignment, ADR Packet, and Voluntary Efficient Litigation Stipulations, are attached hereto as Exhibits 1–6, respectively.  No other pleadings have been filed to date in this matter in the Los Angeles County Superior Court.

28 U.S.C. § 1446(b)(2)(A) requires that all defendants who have been properly joined and served must join in or consent to the removal of the action. Here, this requirement is satisfied because the only defendant that has been and will be properly served, Trek, has removed this action.  Therefore, at the time of this removal, there are no remaining defendants who have been or may be properly served.

Defendant Trek will serve written notice of the removal of this action upon Plaintiff promptly and will file such notice with the Clerk of the California Superior Court, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

NOTICE OF REMOVAL

1

### III.   RESERVATION OF RIGHTS AND DEFENSES

2
3
4
5
6
7

Trek expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of its defenses. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

8

### IV.   CONCLUSION

9
10
11

WHEREFORE, defendant Trek Bicycle Corporation hereby removes this case from the California Superior Court, County of Los Angeles, to this federal district court.

12

DATED:  September 27, 2017

**PERKINS COIE** LLP

13
14
15
16

By: */s/ Michael B. Garfinkel*
    Michael B. Garfinkel
    Oliver M. Gold

Attorneys for Defendant
TREK BICYCLE CORPORATION

17
18
19
20
21
22
23
24
25
26
27
28

-6-                                    NOTICE OF REMOVAL