# EXHIBIT 1

ORIGINAL

Kirk Edward Schenck, Esq. State Bar #: 173963
Kulik Gottesman Siegel & Ware, LLP
15303 Ventura Boulevard, 14th Floor
Los Angeles, California 91403
tel: 310-600-3800 email: kschenck@kgswlaw.com

Attorneys for
Make Him Smile, Inc.

FILED
Superior Court Of California
County Of Los Angeles
SEP 11 2017
Sherri R. Carter, Executive Officer/Clerk
By Charlie L. Coleman, Deputy

A6029
90069
D24 Hess

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT

MAKE HIM SMILE, INC., a California Corporation,

Plaintiff,

vs.

TREK BICYCLE CORPORATION, a Wisconsin Corporation, and DOES 1 through 1000, inclusive,

Defendants.

CASE NO: BC 6 7 5 5 0 6

COMPLAINT FOR:

1. CALIFORNIA COMMON LAW MISAPPROPRIATION;
2. VIOLATION OF CIVIL CODE §3344.1;
3. FALSE ENDORSEMENT IN VIOLATION OF LANHAM ACT, 15 U.S.C. 1125(a); and
4. UNFAIR BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. AND PROFESSIONS CODE §17200.

DEMAND FOR JURY TRIAL

BY FAX

CIT/CASE: BC675506
LEA/DEF#:
RECEIPT #: CCH243111089
DATE PAID: 09/11/17 03:57 PM
PAYMENT: $435.00
RECEIVED:
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

09/11/2017

Plaintiff Make Him Smile, Inc. ("Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff is, and at all times herein mentioned was, a California corporation operating in the County of Los Angeles in the City of Los Angeles, California. Plaintiff is the successor-in-interest to the property rights of Christopher Farley, who died in 1997. Plaintiff's principle place of business is: 753 North Kings Road, Suite 204, West Hollywood, California 90069.

2. Defendant Trek Bicycle Corporation ("Defendant Trek") is, and at all times relevant hereto was, a Wisconsin corporation conducting business throughout the world, but specifically in the County of Los Angeles, California. Defendant Trek's principal place of business is: 801 West Madison Street, Waterloo, Wisconsin 53594.

3. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein at DOES 1-1000. Plaintiff believes such Doe Defendants comprise hundreds of bicycle stores conducting business in the State of California that Defendant Trek has authorized to utilize, and that have and are currently utilizing, the name "Farley" (and the Farley IP, as defined herein) in, and in connection with, the marketing and sale of bicycles and related merchandising. Plaintiff therefore sues these Doe Defendants by such fictitious names and will amend this Complaint when their true names and capacities are ascertained. Unless otherwise specified, the word "Defendants" herein shall refer to Defendant Trek, and all other defendants named herein as DOES 1-1000.

4. Plaintiff is informed and believes, and thereon alleges, each Defendant in this action, including those fictitiously named, was at all times relevant to the allegations herein jointly, severally and/or vicariously liable for the acts of all other Defendants, and is and was at all times relevant hereto (a) the agent, servant, employee, officer, supervisor, alter-ego, co-conspirator, representative, partner, joint venturer, or surety of each and all of the other Defendants unless otherwise specified, *and/or* (b) acting with the consent and at the direction of each of the other Defendants and within the course

LTOZ/LT/60

and scope of this agency, employment, supervision, alter-ego, co-conspirator, representative, partnership, joint venturer, or suretyship, and with the knowledge, consent, approval or ratification of, and at the direction of, each of the other Defendants in taking the acts or omissions alleged herein. Unless otherwise specified, the word "Defendants" shall be used herein to refer to all Defendants named in this Cross-Complaint jointly and severally.

5. Plaintiff is informed and believes and further alleges each of the fictitiously named Defendants is responsible in some manner for the acts or omissions alleged below. Plaintiff also alleges that its damages as described herein were proximately caused by the conduct of each of the Defendants.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court as the amount in controversy exceeds $25,000.00. As of the time of filing this Cross-Complaint, Plaintiff believes its damages for the alleged causes of action herein exceed $10 million.

7. Venue is proper in this Court because one or more of the causes of action arose, and Defendants are all conducting ongoing and continuous business, in Los Angeles County, California. Additionally, the alleged wrongdoing referred to in this Complaint includes acts and omissions of Defendants that occurred in Los Angeles County and otherwise in this Judicial District.

## COMMON FACTUAL ALLEGATIONS

8. On information and belief, or personal knowledge, Plaintiff makes the following general allegations common to all causes of action.

9. Defendant Trek is based in Waterloo, Wisconsin and is the largest bicycle manufacturer in North America. It is also one of world's five largest bicycle manufacturers.

10. Defendant Trek (a) designs, builds, markets, sells, advertises, and promotes, *and/or* (b) authorizes third parties (including, without limitation, hundreds of bike shops and retailers throughout California and thousands of bike shops and retailers

throughout the world) to design, build, market, sell, advertise, promote, and otherwise commercially exploit various new, distinct and separately numbered models of what Defendant Trek describes in its adverting materials as "Fat Bikes." Defendant Trek's "Fat Bikes" have design and component attributes that make them more agile and adept at traversing unpaved terrains. Defendant Trek's Fat Bikes have a wider than average chassis and extraordinarily "fat" tires, giving them a unique, eye-catching and, relative to most multi-terrain mountain bikes, "fat" appearance. On its Fat Bike products, Defendant Trek prominently features the name and brand "Farley."

11. Defendant Trek designs, builds, markets, sells, advertises, promotes, and otherwise commercially exploits into the stream of commerce throughout the world, and/or authorizes third parties to so design, build, market, sell, advertise, promote, and otherwise commercially exploit, (a) Farley-branded Fat Bikes as complete operational bicycles, (b) stand alone Farley IP-branded "Frame Sets," *and* (c) other products including merchandising bearing the Farley-brand (each and collectively, the "Farley Branded Product(s)"). The Farley Branded Products including, without limitation, their packaging, shipping materials, labels, and marketing and advertising materials, each bear and prominently display the name and brand "Farley."

12. Plaintiff is the legal successor-in-interest, as such term in defined under California law, to the estate of, and the property rights formerly owned by, Chris Farley, who his friends and colleagues simply referred to as "Farley" ("Farley").

13. Plaintiff has duly registered its claim of rights as successor-in-interest to Farley's property rights with the California Secretary of State pursuant to California Civil Code §3344.1. Plaintiff is in the business of, and is currently, exploiting, or licensing to third parties, the right(s) to use and/or otherwise exploit (the "Farley IP Rights"), without limitation, Farley's name, likeness, image, voice, persona, signature, and other intellectual property comprising Farley's personal attributes (the "Farley IP").

14. Farley, who died in 1997 at the age of 33, was a native of Madison, Wisconsin. He was a world-famous comedian and actor best known for his portrayal of "fat" and

7/21/2017 11:53

"loud" characters on NBC's *Saturday Night Live,* and in various successful films such as *Tommy Boy, Black Sheep, Beverly Hills Ninja and Almost Heros.* At the time of his death, Farley was domiciled in the State of California, County of Los Angeles. Prior and subsequent to Farley's death, the Farley IP Rights acquired tremendous commercial value due, in part, to Farley's fame and his one-of-a-kind celebrity and personal persona.

15. Farley's name, identity and persona, and all of the other Farley IP, are recognized instantly by the general public throughout the world and have substantial commercial value due to Farley's carefully crafting his identity as a comedian when he was alive, and the third parties' and Plaintiff's posthumous authorized publication, marketing, and other exploitation of Farley IP.

16. For his entire adult life, Farley was overweight. When he died on December 18, 1997, he was five feet nine inches tall, and weighed approximately 400 pounds. Farley spent his entire career building, then capitalizing on, his unique brand of "fat guy" humor and acting style.

17. During his life, Farley developed a very powerful brand recognized by millions around the world. This brand is embodied by the Farley IP in various forms. Farley's brand of comedy and acting, and his significant and unique celebrity status, became associated with his appearance as a fat, loud and crazy character, both on and off-screen. The name "Farley" is now, and has been for nearly three decades, linked and associated with his Farley's persona and his identity as a fat comic actor willing to go into comic territories others would not seek to traverse.

18. Farley valued his name, likeness and image brand and the other Farley IP Rights and limited use of the Farley IP Rights to either commercial endeavors of which he was an integral part. During his lifetime, Farley carefully guarded and policed his brand, and the Farley IP Rights by, without limitation, seeking to stop any unauthorized uses of his name, likeness and image.

19. Farley, and his business managers, agents, friends and lawyers, were

concerned that third parties may attempt to misappropriate his name and likeness for commercial purposes. Farley felt it was important to cultivate and grow his Farley brand and otherwise exploit the Farley IP Rights carefully and profitably. He often rejected overtures from companies or organizations seeking to associate his valuable Farley IP Rights with one or more goods or services, or other commercial brands, if he did not feel his potential financial upside warranted it. Farley developed and refined an unapologetic Midwestern "fat-guy" persona. When advised by doctors to lose weight throughout the last years of his life, he had legitimate concerns that doing so could jeopardize his ability to get roles and dilute his brand as a comedian.

20. Since Farley's death, the word "Farley" has become iconic and narrowly associated with Farley's individual identity, comedic brand, and his loud, Midwestern, "fat-guy" common man roots in Madison, Wisconsin.

21. Farley, during his life, and Plaintiff, since his death, have both taken precautions to only associate the Farley IP with high quality products, entertainment, services and/or commercial and charitable endeavors. Each carefully selected any third party licensees so as to not diminish the value of the Farley IP Rights by an association with goods, services or entities Farley and/or Plaintiff did not wish to support, or whose use would in any way diminish or dilute in value, taint, over-saturate, demean, mock, or paint in a negative light, either Farley or the Farley IP Rights.

22. Plaintiff has in fact licensed the Farley IP to third parties and generated commercial profits from such activities. Neither Farley during his lifetime, nor Plaintiff since Farley's death, has authorized, licensed or otherwise exploited the Farley IP Rights for commercial or charitable purposes without first (a) carefully selecting the goods or services, *and* (b) negotiating significant compensation to be paid in consideration of such use. Farley and Plaintiff always intended to take act or omissions designed to increase the value of the Farley IP Rights.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendant Trek's CEO and majority shareholder, John Burke ("Burke"), currently lives in the

Madison, Wisconsin-adjacent *Village of Maple Bluff*. Farley was born and raised in the *Village of Maple Bluff*.

24. Plaintiff is informed and believes, and based thereon alleges, that the Farley family and the Burke family have known, and socialized, with one another over many decades, and both families simultaneously belonged to the same *Maple Bluff Country Club*.

25. Plaintiff is informed and believes, and based thereon alleges, that Burke and multiple senior executives at Defendant Trek sought a clever, memorable and loud advertising and branding "hook" to help launch and promote sales of each of its various Fat Bike products, and they chose the brand name "Farley" to welcome and encourage potential customers and the bike industry generally to immediately associate Defendant Trek's Fat Bikes with one of their favorite famous "fat" and "loud" comedians. Defendant Trek's executives and owners knew what they were doing when they elected to use the name Farley (and the related Farley IP) to launch, and propel ongoing marketing for, their Farley Branded Products. Bicycle consumer and the industry as a whole immediately associated its Madison, Wisconsin built, fat, loud, sturdy, rugged, and outlandish Midwestern Fat Bikes, with Farley's world-famous image as fat, loud, sturdy, rugged Midwesterner who is arguably the most famous person to have been born in Madison, Wisconsin. And the price was right. Defendant Trek paid nothing for the significant good will, and advertising and marketing advantage, it obtained by associating their Fat Bike products with Farley. Defendant Trek never sought to contact Plaintiff regarding its use of the Farley IP. At no point in time did Farley, Plaintiff, or any other person or entity associated with them, expressly or impliedly authorize, consent to, or otherwise approve of Defendants' use or exploitation of the Farley IP in, and/or in connection with, any good or service including, without limitation, the Farley Branded Products.

26. It turns out that the Defendant Trek executives and Burke were right to chose the name Farley to launch and market their Fat Bike products. Customers around the

world (as well as bicycle industry professionals, enthusiasts and journalists) immediately picked up on Defendant Trek's (not so subtle) reference to, and association with, Farley. Sales for Defendant Trek's Farley Branded Products were strong from day one. To this day, the Farley Branded Products comprise the most recognized and profitable brand of "Fat Bikes" for sale anywhere in the world.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendant Trek has based its marketing plan for the Farley Branded IP on creating an association with Farley by utilizing Plaintiff's Farley IP Rights in packaging, labeling, shipping, advertising and promotional materials, in websites (including at www.trekbikes.com, the "Website")), on associated trade dress, and on the Fat Bike products themselves — all of which prominently bear the label "Farley." Defendant Trek has simultaneously authorized and enabled other Defendants, including third party vendors such as local and chain retail "bike stores," to do the same. Defendant Trek has taken each of the acts alleged herein with the specific intent to promote, market and advertise, and to generate income from the sales of, the various Farley Branded Products.

28. Plaintiff is informed and believes, and based thereon alleges, that all Defendants intentionally and knowingly elected to, and do, use the Farley IP on, and in connection with, the advertising, marketing and promotion of, the Farley Branded Products specifically to create a fraudulent and misleading association between Farley and the Farley IP, on the one hand, and the Farley Branded Products and Defendants, on the other hand. Defendants did in fact create instant name recognition when they associated the Farley Branded Products with Farley. Defendants succeeded in their goal of increasing sales, and reaping a greater profit from the Farley Branded Products than they would have otherwise realized had they not employed the Farley IP to launch and facilitate ongoing advertising, marketing, promotion and sales.

29. Plaintiff is informed and believes, and based thereon alleges, that all Defendants intentionally and knowingly elected to, and do currently, use the Farley IP on, and in connection with the advertising and marketing of, the Farley Branded

Products specifically because they know Farley was well known to the specific and targeted generation of consumers that tend to purchase Fat Bikes, and that by creating an association between the "loud,""fat," "Midwestern" Farley and the Farley Branded "Fat Bike" Products, they would be able to attract the attention of such consumers who immediately recognized the Farley name and its association with "fat," "loud" "wide" and "Midwestern" goods and services.

30. Defendants have, without any right, title or authorization, misappropriated and/or violated Plaintiff's exclusive ownership interest in the Farley IP and Farley IP Rights. Defendants have unlawfully used the Farley IP Rights to market, sell, advertise, promote the Farley Branded Products to consumers who Defendants knew would, or be highly likely to, associate the name "Farley" and Farley IP with the Farley Branded Products. Defendants knew and calculated this association would draw attention to, encourage interest and curiosity in, and ultimately procure sales of, the Farley Branded Products.

31. At no point did Farley, Plaintiff, or any other person or entity associated with them, ever receive any compensation or other consideration from any Defendant (or any other party) as a result of Defendants' use of the Farley IP in, and in connection with, the Farley Branded Products.

32. Defendants have marketed and sold various different, separate, and distinct Farley Branded Products, each with separate and distinct branding, packing, names, specifications, and technical capabilities to different consumers with different uses for the new and distinct product lines comprising the Farley Branded Products. In doing so, Defendants have used new and well delineated numerical references to categories and bifurcate separate Farley Branded Products. Each Farley Branded Product was marketed and sold as a separate and distinct product into the stream of commerce when launched and in all going forward advertising. For instance, since October of 2015, Defendant Trek has launched and commenced marketing (with the aid and assistance of the other Defendants) various different bicycles and other goods including, without

limitation, the Farley 5, Farley 7, the Farley 9, the Farley EX 8, the Farley EX 9.8, the Farley 9.6, the Farley 9.8, the Farley 9.9, the Farley 24, the **Farley Carbon Frameset**, and the **Farley Alloy Frameset**. Defendants are employing the Farley IP to sell various separate products having specific and unique characteristics, and are promoting and marketing each individual Farley Branded Product as a new product.

33. Defendant Trek knowingly and intentionally authorized, consented to, and encouraged third parties, including the other Defendants, to sell, market, distribute, advertise and promote the various Farley Branded Products each separately utilizing the Farley IP. Additionally, bicycle trade articles and reviews of the various Farley Branded Products have appeared in popular bike and outdoor magazines, internet sites, and other media. Defendant Trek's top level executives, including Burke and those from its public relations department, have spoken and cooperated with the writers of these articles and reviews, which routinely include statements that the Farley Branded Products were, in fact, inspired by, and named after, Farley. No one at Defendant Trek, including Burke, has ever sought to correct the record or a retraction of these statements.

34. Defendant Trek knowingly and intentionally (albeit falsely) indicated to third parties, including the other Defendants, that Defendant Trek did, in fact, have the legal right to utilize and exploit the Farley IP in, and in connection with, the Farley Branded Products' design, manufacture, marketing, sales, advertising, promotion, and other commercial exploitation and distribution into the stream of commerce.

35. In or about 2016, Plaintiff notified Burke, and Defendant Trek's General Counsel, of the Defendant Treks' unauthorized use of the Farley IP. At that time, Burke and Defendant Trek's General Counsel both acknowledged in writing Defendant Trek's intentional use of the Farley IP, but indicated they would not stop such use despite Plaintiff's having made it clear in writing that such use was a violation of Plaintiff's exclusive rights in, and to, the Farley IP. In 2013, Defendant Trek recalled about 2,600 Trek Farley bicycles and framesets because the fork would separate from the steer tube,

17/27/11

posing a fall hazard to the rider (the "Farley Recall"). Consumers were warned to immediately stop using the recalled bicycles and framesets and return the bicycles to a Trek retailer for a inspection and repair. This Farley Recall has damaged, and will continue to damage, Plaintiff by devaluing and tarnishing the Farley IP.

36. As of the date of this Complaint, Defendants are knowingly and intentionally continuing to design, build, market, sell, advertise, promote, and otherwise commercially exploit the Farley IP Rights around the world in connection with various separate Farley Branded Products in the manners alleged herein even though they have been made aware such use violates Plaintiff's exclusive, worldwide rights to exploit the Farley IP Rights.

37. Plaintiff therefore seeks monetary damages, statutory damages, attorneys fees, punitive damages, and an injunction and other equitable relief to permanently enjoin each Defendant from any and all future uses of the Farley IP.

## FIRST CAUSE OF ACTION

## (Common Law Misappropriation — Against all Defendants)

38. Plaintiff realleges, repleads, and incorporates as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

39. Farley and Plaintiff invested significant time, money, resources and good will in the creation, management and popularization of the Farley IP.

40. Plaintiff is the successor-in-interest to Farley's property rights including, without limitation, the Farley IP Rights. Plaintiff is the current owner of the Farley IP Rights. Defendants knowingly used the Farley IP including, without limitation, Farley's name and identity, and exploited the Farley IP Rights for commercial purposes in and in connection with the sales of Farley Branded Products. Defendants did so without compensating Plaintiff, and without Plaintiff's consent or agreement.

41. The name "Farley" and the other elements of the Farley IP are readily identifiable in the name of, and packaging and advertising materials for, each

individual Farley Branded Product. Any person can reasonably determine the Farley name on the bicycles depicts, refers to, or otherwise identifies Farley and the Farley IP, and creates an association between Farley and Defendants, and the Farley Branded Products.

42. This misappropriation was for Defendants' commercial advantage in that Defendants sold, and continue to sell, each Farley Branded Product featuring and/or referencing the Farley name and other elements of the Farley IP for the specific purpose of generating a monetary profit.

43. As a direct and proximate result of Defendants' misappropriation of the Farley IP, Defendants have illicitly generated gross revenues and profits in an amount to be established a trial, but which is believed to exceed $10,000,000.

44. As a further direct and proximate result of Defendants' misappropriation of the Farley IP, the value of the Farley IP has been diluted and irreparably damaged, and Plaintiff has incurred damages in an amount to be established at trial but which is believed to exceed $10,000,000.

45. At the time Defendants made commercial use of the Farley IP to sell the Farley Branded Products, Defendants knew the Farley IP referred to, and otherwise depicted, Farley, and knew neither Farley nor Plaintiff authorized or consented to this use at any time, in any manner.

46. Despite that knowledge, Defendants knowingly and intentionally misappropriated the Farley IP for their own financial gain in conscious disregard of Plaintiff's rights, and of the damages Plaintiff would suffer as a result of such misappropriation.

47. The acts of Defendants were committed intentionally, maliciously, oppressively, and in bad faith, such that Plaintiff is entitled to punitive damages pursuant to California Civil Code §3294.

48. Plaintiff is further entitled to injunctive relief as a result of Defendants' intentional acts as alleged herein. If Defendants are not restrained from continuing to

make unauthorized uses of the Farley IP in connection with the various Farley Branded Products, Plaintiff will continue to suffer damages. Defendants' actions have caused, and will cause, Plaintiff irreparable injury for which monetary damages will not fully compensate Plaintiff. Plaintiff therefore seeks immediate injunctive relief including, without limitation, (a) an order, or orders, requiring Defendants to forthwith cease and desist from any use of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion, distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (b) an order, or orders, requiring Defendants to forthwith cease and desist from any commercial use or other exploitation of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion, distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (c) an order, or orders, requiring Defendants forthwith cease and desist referencing any association with Farley, the Farley IP, or Plaintiff, (d) an order, or orders, disgorging from each Defendant all forms of profits or consideration derived by each Defendant as a result of each and all of their misappropriation of the Farley IP, (e) an order, or orders, requiring Defendants forthwith deliver, and otherwise turn over possession, to Plaintiff all offending Farley Branded Products and any other item, or packaging or marketing material, that features the name "Farley," that otherwise references any element of the Farley IP, or that states or implies an association with Plaintiff or Farley, *and* (f) any other order(s) the Court in its discretion deems just.

## SECOND CAUSE OF ACTION

**(Violation of Civil Code §3344.1 — Against all Defendants)**

49. Plaintiff realleges, repleads and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

50. Plaintiff is the successor-in-interest to Farley's property rights including,

without limitation, the Farley IP Rights. Plaintiff is the current owner of the Farley IP Rights. As described herein, Defendants have knowingly and intentionally used the Farley IP, without Plaintiff or Farley's consent or authorization, and without compensating either Farley or Plaintiff, in and in connection with the sale, marketing, promotion, distribution, or advertising, of various goods or services including, without limitation, in connection with each of the Farley Branded Products in violation of California Civil Code §3344.1.

51. The Farley IP, including without limitation, Farley's name, is readily identifiable on labeling and packaging materials for, and in connection with Defendants' sale and marketing of, the Farley Branded Products. A person can reasonably determine the name of the Farley Branded Products is derived from, or intentionally draws an association with, Farley and the Farley IP.

52. This misappropriation was for Defendants' commercial or other advantage in that Defendants sold each and all of the Farley Branded Products featuring and/or referencing the Farley IP for the specific purpose of generating a monetary profit from product sales, and to enhance the value of each Defendant. As alleged herein, there was and continues to be a direct connection between Defendants' alleged use of the Farley IP and the commercial purpose selling and generating profits from the Farley Branded Products.

53. As a direct and proximate result of Defendants' misappropriation of the Farley IP, Defendants illicitly generated gross revenues and profits, or enhanced the value of their own companies, in an amount to be established a trial but which is believed to exceed $10,000,000.

54. As a further direct and proximate result of Defendants' misappropriation of the Farley IP, Plaintiff has incurred actual damages in an amount to be established at trial but which is believed to exceed $10,000,000, and is entitled to statutory damages.

55. At the time Defendants made unauthorized commercial use of the Farley IP to sell the Farley Branded Products, Defendants knew the Farley IP referred to and

otherwise depicted Farley, and knew neither Farley nor Plaintiff authorized or consented to this use at any time, in any manner. Despite that knowledge, Defendants knowingly and intentionally misappropriated the Farley IP for their own financial gain in conscious disregard of Plaintiff's rights and of the damages Plaintiff would suffer as a result of such misappropriation. The acts of Defendants were committed intentionally, maliciously, oppressively, and in bad faith, such that Plaintiff is entitled to punitive damages pursuant to California Civil Code §3294.

56. Plaintiff is further entitled to injunctive relief as a result of Defendants' intentional acts as alleged herein. If Defendants are not restrained from continuing to make unauthorized uses of the Farley IP in connection with the various Farley Branded Products, Plaintiff will continue to suffer damages. Defendants' actions have caused, and will cause, Plaintiff irreparable injury for which monetary damages will not fully compensate Plaintiff. Plaintiff therefore seeks immediate injunctive relief including, without limitation, (a) an order, or orders, requiring Defendants to forthwith cease and desist from any use of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion, distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (b) an order, or orders, requiring Defendants to forthwith cease and desist from any commercial use or other exploitation of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion, distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (c) an order, or orders, requiring Defendants forthwith cease and desist referencing any association with Farley, the Farley IP, or Plaintiff, (d) an order, or orders, disgorging from each Defendant all forms of profits or consideration derived by each Defendant as a result of each and all of their misappropriation of the Farley IP, (e) an order, or orders, requiring Defendants forthwith deliver, and otherwise turn over possession, to Plaintiff all offending Farley Branded Products and any other item, or packaging or marketing

material, that features the name "Farley," that otherwise references any element of the Farley IP, or that states or implies an association with Plaintiff or Farley, *and* (f) any other order(s) the Court in its discretion deems just.

**THIRD CAUSE OF ACTION**

**(False Endorsement in Violation of Lanham Act,**

**15 U.S.C. 1125(a) — Against all Defendants)**

57. Plaintiff realleges, repleads and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

58. Farley was an internationally recognized celebrity, comedian, actor and spokesperson during his lifetime. Each element of the Farley IP including, without limitation, the name "Farley" is, and has been, well-recognized, distinctive and unique and singularly associated with Farley. The "Farley" name is recognized throughout worldwide trading areas and channels of trade as a famous and distinctive mark which identifies the source of the entertainment and related services of Farley. The name "Farley" and the other Farley IP are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. §§1125 and 1127.

59. Defendants, in connection with selling their products, disseminated false and misleading descriptions and representations of fact regarding Farley's and Plaintiff's association with, and endorsement of, the Farley Branded Products and related commercial activities. Without limitation, Defendants have affixed labels featuring the name "Farley" on the Farley Branded Products and all related packaging. Defendants' use of the Farley IP and the false and misleading statements related thereto are material to both Defendant's illicit profits, and Plaintiff's damages, from the marketing and sale of the Farley Branded Products.

60. The use of the Farley IP in connection with the sale of Defendants' products has caused, and is likely to cause, confusion, cause mistake, or deceive consumers as to Plaintiff's association with, and endorsement of, Defendants' products, commercial

endeavors and other business activities including, without limitation, the Farley Branded Products. Defendants' use, and continuing use today, in interstate commerce of the name and name and mark "Farley" in connection with the marketing and sale of the various Farley Branded Products constitutes a violation of 15 U.S.C. §1125(a) in that it creates a false designation of origin as to the goods and services advertised, distributed, offered and provided by Defendants, which is likely to confuse, mislead, or deceive the consuming public and trade by creating the false impression that Defendants' products were approved, sponsored, endorsed, guaranteed by and/or are in some way affiliated with, Farley and/or Plaintiff.

61. Defendants' use in interstate commerce — on labels and packaging, and in Website content, national advertising, nationally distributed magazines and press releases — of the name and mark "Farley" in connection with the commercial exploitation of the Farley Branded Products also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. §1125(a) in that it creates a false association between Farley and Plaintiff, on the one hand, and the Farley Branded Products, on the other hand.

62. Plaintiff has been damaged by the confusion, mistake, and deception created as a result of Defendants', and each of their, commercial use of the Farley IP. Additionally, the Farley IP has been tarnished and devalued by virtue of its false association with, and the negative publicity related to, the Farley Branded Products associated with the 2013 Farley Recall.

63. At the time Defendants made unauthorized commercial use of Plaintiff's Farley IP to promote, market, advertise and otherwise commercially exploit the Farley Branded Products, Defendants knew (a) the Farley IP belonged exclusively to Plaintiff, (b) Plaintiff had not authorized or consented to Defendants' use, *and* (c) neither Farley or Plaintiff had endorsed the Farley Branded Products or any Defendant.

64. Plaintiff is informed and believes, and based thereon alleges, that since Defendants have committed the acts alleged above with knowledge of Plaintiff's prior

7/21/17 11:55

right to and use of the subject marks, and with the willful intent to trade on Farley's goodwill and reputation, this case is exceptional under 15 U.S.C. §1117(a), entitling Plaintiff to treble damages, and also the recovery of its attorneys' fees and costs of filing this lawsuit. Additionally, as a proximate result of Defendants' widespread, unauthorized, commercial use of Plaintiff's Farley IP, Plaintiff is entitled to recover: (a) Defendants' profits from selling the Farley Branded Products; and (b) any additional amounts the Court determines in its discretion is just.

65. Additionally, as a direct and proximate result Defendants' acts and omissions as alleged herein, Plaintiff is entitled pursuant to 15 U.S.C. §1117(a) to the recovery of: (a) Defendants' profits related to Defendants' sale of Farley Branded Products and unauthorized use of the Farley IP; (b) any damages sustained by Plaintiff (or its predecessors in interest) as a result of Defendants' conduct, including but not limited to the fair market value of Plaintiff's intellectual property misappropriated by Defendants, the precise amount of which shall be established by Plaintiff at trial; and (c) Plaintiff's costs of suit.

66. Plaintiff is further entitled to injunctive relief as a result of Defendants' intentional acts as alleged herein. If Defendants are not restrained from continuing to make unauthorized uses of the Farley IP in connection with the various Farley Branded Products, Plaintiff will continue to suffer damages. Defendants' actions have caused, and will cause, Plaintiff irreparable injury for which monetary damages will not fully compensate Plaintiff. Plaintiff therefore seeks immediate injunctive relief including, without limitation, (a) an order, or orders, requiring Defendants to forthwith cease and desist from any use of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion, distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (b) an order, or orders, requiring Defendants to forthwith cease and desist from any commercial use or other exploitation of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion,

distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (c) an order, or orders, requiring Defendants forthwith cease and desist referencing any association with Farley, the Farley IP, or Plaintiff, (d) an order, or orders, disgorging from each Defendant all forms of profits or consideration derived by each Defendant as a result of each and all of their misappropriation of the Farley IP, (e) an order, or orders, requiring Defendants forthwith deliver, and otherwise turn over possession, to Plaintiff all offending Farley Branded Products and any other item, or packaging or marketing material, that features the name "Farley," that otherwise references any element of the Farley IP, or that states or implies an association with Plaintiff or Farley, *and* (f) any other order(s) the Court in its discretion deems just.

**FOURTH CAUSE OF ACTION**

**(Unlawful Business Practices in Violation of**

**California Business and Professions Code §17200 — Against all Defendants)**

67. Plaintiff realleges, repleads and incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 37 of this Complaint.

68. As alleged herein, Plaintiff is in the business of commercially exploiting, and in fact does commercially currently exploit, the Farley IP. Defendants consciously, deliberately, fraudulently and in bad faith misappropriated Plaintiff's Farley IP and disseminated, and consented to third parties' dissemination of, false and misleading descriptions and representations of fact regarding Plaintiff's association with, and endorsement of, both Defendants and the Farley Branded Products. As alleged above, these acts constitute wrongful conduct and unlawful business practices, including conduct that violates California Civil Code §3344.1.

69. Plaintiff has suffered a loss or deprivation of money or property, and direct economic injury in fact, in that it has lost license fees and/or profits and licensing opportunities as a result of, and caused by, Defendant's unfair competition acts or

omissions as alleged herein.

70. Defendants' wrongful conduct, unless enjoined by court order, will cause continued and ongoing harm to Plaintiff as Defendants will continue to engage in these unfair business practices, and engage in conduct otherwise prohibited by California Business and Professions §12700 et seq.

71. Plaintiff is entitled to Plaintiff's attorneys' fees pursuant to California Code of §1021.5, and injunctive relief as a result of Defendants' intentional acts as alleged herein. If Defendants are not restrained from continuing to make unauthorized uses of the Farley IP in connection with the various Farley Branded Products, Plaintiff will continue to suffer damages. Defendants' actions have caused, and will cause, Plaintiff irreparable injury for which monetary damages will not fully compensate Plaintiff. Plaintiff therefore seeks immediate injunctive relief including, without limitation, (a) an order, or orders, requiring Defendants to forthwith cease and desist from any use of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion, distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (b) an order, or orders, requiring Defendants to forthwith cease and desist from any commercial use or other exploitation of the Farley IP, including the name "Farley," in connection with any sale, marketing, promotion, distribution, or advertising, of any good or service including, without limitation, in connection with any edition(s), version(s) or model(s) of any Farley Branded Product, (c) an order, or orders, requiring Defendants forthwith cease and desist referencing any association with Farley, the Farley IP, or Plaintiff, (d) an order, or orders, disgorging from each Defendant all forms of profits or consideration derived by each Defendant as a result of each and all of their misappropriation of the Farley IP, (e) an order, or orders, requiring Defendants forthwith deliver, and otherwise turn over possession, to Plaintiff all offending Farley Branded Products and any other item, or packaging or marketing material, that features the name "Farley," that otherwise references any element of the Farley IP, or that states

or implies an association with Plaintiff or Farley, *and* (f) any other order(s) the Court in its discretion deems just.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For damages in such amount as may be found, or as otherwise permitted by law, which are believed as of the date of this Complaint to exceed $10 million;

2. For injunctive and other appropriate equitable relief;

3. For prejudgment interest according to law;

4. For Plaintiff's attorney's fees, costs, and disbursements in this action;

5. For punitive and exemplary damages;

6. For statutory damages; *and*

7. For such other and further relief as the Court may deem just and proper.

Dated: September 8, 2017

KULIK GOTTESMAN SIEGEL & WARE, LLP

BY: ____________________

Kirk Edward Schenck
Attorneys for Plaintiff,
Make Him Smile, Inc.