UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

Proceedings:   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 14)

I. **INTRODUCTION**

On September 11, 2017, Plaintiff Make Him Smile, Inc. ("Plaintiff") filed a Complaint against Defendant Trek Bicycle Corporation ("Trek") in Los Angeles Superior Court for (1) violation of the California common law right of publicity; (2) violation of the statutory right of publicity, Cal. Civ. Code § 3344.1; (3) false endorsement in violation of the Lanham Act, 15 U.S.C. 1125(a); and (4) unfair business practices in violation of California's Unfair Competition Law ("the UCL"), Cal. Bus. & Prof. Code § 17200. Trek removed the action to this Court on September 27, 2017.

Presently before the Court is Trek's Motion to Dismiss Plaintiff's Complaint. For the following reasons, the Court **DENIES** Trek's Motion.

II. **FACTUAL BACKGROUND**

The following facts are alleged in the Complaint.

Plaintiff is the successor-in-interest to the estate and intellectual property rights ("the Farley IP") of the comedian Chris Farley. A native of Madison, Wisconsin who was overweight his entire adult life, Chris Farley spent his life developing his comedic brand of loud, "fat guy" humor and his "unapologetic Midwestern 'fat-guy' persona." He became a world-famous comedian and actor best known for his portrayal of fat and loud characters on the television show *Saturday Night Live* and in the films *Tommy Boy*, *Black Sheep*, *Beverly Hills Ninja*, and *Almost Heros*. Chris Farley died on December 18, 1997 while domiciled in California. During his life, Chris Farley's friends and colleagues referred to him as "Farley," and since his death the word "Farley" has become narrowly associated with his individual identity and comedic brand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

Chris Farley, and now Plaintiff, have licensed the Farley IP to third parties for commercial profit. Like Chris Farley was during his life, Plaintiff is selective in choosing with whom it will associate the Farley IP.

Trek is a Madison, Wisconsin based company that designs, builds, markets, and sells bicycles and bicycle products, including "Fat Bikes." The chassis and tires on Fat Bikes are wider than average, giving them a uniquely fat appearance. Trek prominently features the name and brand "Farley" on its Fat Bike products. Trek has no rights to the Farley IP. By using the brand name "Farley," Trek welcomed and encouraged potential customers and the bicycle industry to associate its Fat Bikes with Chris Farley. Customers and the industry did in fact immediately associate the Fat Bikes with Chris Farley, resulting in strong sales. Trek's Farley branded Fat Bike products are among the most profitable brand of Fat Bikes in the world. In 2013, however, Trek recalled about 2,600 Farley Fat Bikes and framesets for a defect that posed a fall hazard to the rider. This recall has devalued and tarnished the Farley IP.

## III. JUDICIAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Id*. A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. When ruling on a Rule 12(b)(6) motion, the court generally must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or documents incorporated by reference into the complaint. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) ("When reviewing a motion to dismiss we consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").

## IV. DISCUSSION

### A. Common Law Right of Publicity

In its Opposition, Plaintiff concedes that its common law right of publicity claim fails as a matter of law and stipulates to striking that claim from its Complaint. The Court therefore need not further address the sufficiency of this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

**B.** **Section 3344.1**

California's postmortem right of publicity statute, California Civil Code § 3344.1 ("Section 3344.1"), provides in pertinent part as follows:

> Any person who uses a deceased personality's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the [decedent's successor or successors in interest], shall be liable for any damages sustained by the person or persons injured as a result thereof.

Cal. Civ. Code § 3344.1(a)

A cause of action under Section 3344.1, however, is only available to those personalities who die while domiciled in California. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1149 (9th Cir. 2002) (holding the law of the decedent's domicile governs a plaintiff's right of publicity claim). In *Cairns*, for example, the Ninth Circuit held that because the decedent died a domiciliary of Great Britain, the law of Great Britain governed her estate's right of publicity claim. *Id.* Because Great Britain did not recognize a postmortem right of publicity, the estate's Section 3344.1 claim failed. *Id.*

Here, Plaintiff alleged that Chris Farley was domiciled in California at the time of his death. Trek argues this allegation is directly contradicted by Chris Farley's Illinois probate records. Specifically, Trek argues the Petition for Letters of Administration ("Petition") and Affidavit of Heirship ("Affidavit"), which it contends are properly subject to judicial notice, conclusively establish that Chris Farley was domiciled in Illinois at the time of his death. Plaintiff does not dispute that Illinois recognizes no descendible right of publicity for people who died before January 1, 1999. *See* 765 Ill. Comp. Stat. 1075/30 (specifying that a postmortem right of publicity does not exist for persons who died prior to January 1, 1999); J. Thomas McCarthy, 2 Rights of Publicity and Privacy § 9:26 (2d ed).[1] Thus, if Chris Farley died a domiciliary of Illinois, Plaintiff's Section 3344.1 claim fails as a matter of law.

---

[1] Prior to the Illinois Right of Publicity Act, the right of publicity was part of the common law right to privacy. John M. Touhy, Lauren R. Noll, The Right of Publicity in Illinois, 99 Ill. B.J. 148 (2011).The common law right to privacy in Illinois was not a descendible right. *Carlson v. Del Pub. Co.*, 65 Ill. App. 2d 209, 213 (Ill. App. Ct. 1965); J. Thomas McCarthy, 2 Rights of Publicity and Privacy § 9:17 (2d ed) (noting the common law of Illinois does not recognize a postmortem right of publicity).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

To settle this question, the Court must first determine whether the Petition and Affidavit are properly subject to judicial notice. If so, the Court then must consider whether they contradict Plaintiff's allegation that Chris Farley died a California domiciliary.

Courts may take judicial notice of undisputed matters of public record, including documents filed in probate court proceedings. *In re Tower Park Props., LLC*, 803 F.3d 450, 452 n.2 (9th Cir. 2015). The documents on which Trek relies were taken from the probate file of the Estate of Christopher C. Farley, In the Circuit Court of the Cook County, Illinois, County Department – Probate Division, Case Number 98000274. Thus, they are properly subject to judicial notice. The Court acknowledges, however, that "a court may not take judicial notice of a fact that is 'subject to reasonable dispute,'" including disputed facts stated within public records that are otherwise judicially noticeable. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–690 (9th Cir. 2001) (quoting Fed. R. Evid. 201)). Accordingly, while the will consider the Petition and Affidavit in ruling on Trek's Motion to Dismiss, the Court will not consider these documents in order to determine the truth of the statements contained therein.

Trek argues that the Petition and Affidavit conclusively demonstrate that Chris Farley died a domiciliary of Illinois for two reasons. First, both documents state that Chris Farley died a resident of Illinois. Because the terms "residence" and "domicile" are used synonymously under the Illinois Probate Act, *In re Estate of Elson*, 120 Ill. App. 3d 649, 653–54 (1983), Trek argues these statements prove he died a domiciliary of Illinois. Second, if a decedent does not own property in Illinois at the time of his death, he must have died a domiciliary of Illinois in order for an Illinois circuit court to exercise jurisdiction over the probate proceedings. *Id.* Because the Petition stated that Chris Farley had no Illinois real property, Trek argues the Illinois circuit court must have concluded he died a domiciliary of Illinois.

Neither document's existence conclusively establishes that Chris Farley was an Illinois domiciliary. Rather, both of these arguments require the Court to accept disputed statements within the probate documents as true. As explained above, the Court cannot do so. Whether Chris Farley was domiciled in California or Illinois at the time of his death is a disputed issue better addressed on summary judgment.

Alternatively, Trek argues that Plaintiffs are judicially estopped from asserting that Chris Farley died a domiciliary of California. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8 (2000)). "[J]udicial estoppel bars only [clearly] inconsistent positions taken by the same party in two different matters." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir. 2012). In addition, courts may consider whether the party "succeeded in persuading a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

to accept that party's earlier position" and whether the party would derive an unfair advantage if permitted to assert an inconsistent position. *New Hampshire*, 532 U.S. at 750. Courts may also consider whether the party exhibited "chicanery or [made a] knowing misrepresentation" to the court. *Milton H. Green Archives, Inc.*, 692 F.3d at 995.

In *Milton H. Green Archives, Inc.*, the Ninth Circuit affirmed the lower court's summary judgment order on judicial estoppel grounds. *Milton H. Greene Archives, Inc. v. Marilyn Monroe* LLC, 692 F.3d 983, 986 (9th Cir. 2012). Plaintiffs were Marilyn Monroe LLC, the beneficiaries of the estate of the celebrity Marilyn Monroe ("Monroe"). *Id.* "During the forty-year probate proceedings . . . [the executors of the estate] consistently represented . . . that Monroe was domiciled in New York when she died" so that the estate could avoid payment of California estate taxes. *Id.* at 987. The plaintiff beneficiaries later asserted that Monroe was domiciled in California at her death to reap the benefits of California's posthumous right of publicity. *Id.* at 993.

The Ninth Circuit affirmed the lower court's imposition of judicial estoppel for the following reasons. First, the executors' statements could be attributed to the plaintiff beneficiaries. The Ninth Circuit reasoned that "[t]here [was] no dispute that [the executors] dealt in a representative and not a personal capacity in [their] representations to the court," that the interests of the executors were aligned with the beneficiaries, and that they were therefore in privity with each other. *Id.* at 996–97. Second, the evidence showed the probate court relied upon and adopted the executors' position several times, including by exercising jurisdiction over the estate.[2] *Id.* at 999. Third, the plaintiffs would gain a significant advantage if permitted to assert a California domicile to gain Monroe's right of publicity. *Id.* Consequently, the plaintiffs were judicially estopped from asserting that Monroe was domiciled in California at her death. *Id.* at 1000.

Here, the Petition and Affidavit were signed in 1998 by Mary Anne Farley and Thomas Farley. Mary Anne Farley was Chris Farley's mother, an heir to his estate, and Plaintiff's CEO from 2010 to 2015.[3] Thomas Farley was Chris Farley's father, an heir to his estate, and nominated to serve as administrator of the estate. In signing the Petition and Affidavit, Mary Anne and Thomas Farley represented to the Illinois circuit court that Chris Farley was an Illinois resident.

---

[2] The court's jurisdiction depended on whether the decedent was a domiciliary of New York at the time of his death. *Milton H. Greene Archives, Inc. v. Marilyn Monroe* LLC, 692 F.3d 983, 999 (9th Cir. 2012).
[3] Mary Anne Farley's position as CEO is established by a Statement of Information available on the California Secretary of State website. As Trek argues, the court may take judicial notice of documents filed with the Secretary of State and available on their website. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) (stating that "public records and government documents available from reliable sources on the Internet," including the California Secretary of State website, are properly subject to judicial notice).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

Even if Mary Anne and Thomas Farley's statements are attributable to Plaintiff, the facts before the Court do not warrant judicial estoppel. Mary Anne and Thomas Farley's two statements that Chris Farley was a resident of Illinois fall below the consistent, repeated assertions of a New York domicile made in *Milton H. Greene Archives*. Moreover, the documents presented do not prove that the Illinois circuit court adopted their position. The court in *Milton H. Greene Archives* had undisputed evidence that the probate court determined that Monroe died a New York domiciliary. Here, in contrast, the Petition and Affidavit do not demonstrate that the Illinois circuit court retained jurisdiction, let alone that it did so after determining that Chris Farley died an Illinois domiciliary.[4] At this stage, the Court will not judicially estop Plaintiff from alleging that Chris Farley died a California domiciliary.

Thus, the Court **DENIES** Trek's Motion to Dismiss Plaintiff's Section 3344.1 claim.

**C.    False Endorsement**

Trek argues Plaintiff's false endorsement claim fails for two reasons. First, Plaintiff fails to plead that Trek used a distinctive attribute of Chris Farley. Second, the conduct alleged constitutes nominative fair use. Each argument is addressed below.

  1.    *Distinctive Attribute*

The Ninth Circuit has held that "[a] false endorsement claim based on the unauthorized use of a celebrity's identity is a type of false association claim" under the Lanham Act, 15 U.S.C. 1125(a), where the mark at issue is the celebrity's persona, the use of "which is likely to confuse consumers as to the [celebrity's] sponsorship or approval of the product." *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1110 (9th Cir. 1992), *abrogated on other grounds by Lexmark Int'l Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1068 (9th Cir. 2015). To successfully state a false endorsement claim, the plaintiff must allege that the defendant used a distinctive attribute of the celebrity's persona to imply endorsement of a product. *Waits*, 978 F.2d at 1110.

Plaintiff alleges that (1) "Farley" is distinctive of Chris Farley, (2) "Farley" is recognized worldwide as "a famous and distinctive mark which identifies the source of entertainment and related services of [Chris] Farley," (3) the name "Farley" is associated with Chris Farley's identity as "a fat comic actor willing to go into comic territories others would not seek to traverse," (4) "Farley" is narrowly associated with Chris Farley's individual identity (5) Trek chose the brand name "Farley" to

---

[4] For example, other evidence before the Illinois circuit court could have demonstrated that Chris Farley did in fact own real property in Illinois, in which case an Illinois domicile would have been unnecessary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

invite potential customers to associate its Fat Bikes with the decidedly "fat" comedian Chris Farley, and (6) "bicycle consumers and the industry as a whole immediately associated [Trek's] Madison, Wisconsin built . . . Fat Bikes" with Chris Farley. Trek argues these allegations are insufficient because the name "Farley" is a common surname and not a distinctive attribute of Chris Farley.

Both the Lanham Act and Ninth Circuit case law recognize that a name can constitute a protected mark. 15 U.S.C. § 1125(a) (providing that any person who uses any name likely to cause confusion as to the sponsorship of his goods is liable under the act); *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 410 (9th Cir. 1996) (addressing a false endorsement claim involving the use of a professional basketball player's birth name, which he had not used for commercial purposes in the last ten years). Trek's arguments for dismissal primarily attack the truth of Plaintiff's allegations and dispute whether a likelihood of confusion truly exists. At this stage, however, the Court must accept Plaintiff's allegations as true and draw all inferences in its favor. Plaintiff sufficiently alleges that "Farley" is a distinctive attribute of Chris Farley.

2. *Nominative Fair Use*

Alternatively, Trek argues that if Plaintiff's allegations are true, Trek's use of "Farley" to brand its Fat Bike products amounts to a nominative fair use and defeats Plaintiff's claim as a matter of law.

Nominative fair use is an affirmative defense. Thus, it may be considered on a motion to dismiss if "the 'allegations in the complaint suffice to establish' the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock,* 549 U.S. 199, 215 (2007)). The nominative fair use defense is available when the defendant uses the plaintiff's mark to describe, reference, or identify the plaintiff's product rather than the defendant's own product. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151–52 (9th Cir. 2002); *New Kids on the Block v. News Am. Publ'g., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). For example, the nominative fair use defense applied when a newspaper used the trademarked band name "New Kids on the Block" to publicize the paper's telephone polls about the band. *New Kids on the Block*, 971 F.3d at 304. In addition, the defendant must show 1) "the product or service in question [is] not readily identifiable without use of the trademark," 2) "only so much of the mark [is] used as is reasonably necessary to identify the product or service," and 3) "the user [does] nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *Id.*

Plaintiff argues that the nominative fair use defense is not available to a defendant like Trek, who uses a protected mark as the actual trade name or trademark of its own product. The Court need not decide the issue here. Even assuming the nominative fair use defense is applicable, the Court finds Plaintiff's allegations support an inference that the use of Chris Farley's surname implied sponsorship or endorsement, thus defeating Trek's nominative fair use defense. Plaintiff alleges that the bicycle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-07136-RGK-KS | Date | January 18, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp.* | | |

consumer and bicycle industry immediately associated the Fat Bike products with Chris Farley, resulting in increased sales of its products. Further, Plaintiff alleges that the name "Farley" is narrowly and intimately associated with the Farley IP. If "Farley" is so closely associated with Chris Farley and the Farley IP that any mention would suggest endorsement, then Trek's nominative fair use defense would fail. *Cf. Cairns*, 292 F.3d at 1155 (holding that there was no confusion regarding endorsement partly because the plaintiff's mark was not so closely associated with the plaintiff that any mention would suggest sponsorship or endorsement). The evidence may later disprove these allegations. But at this stage, Plaintiff alleges sufficient facts to defeat Trek's nominative fair use defense.

The Court **DENIES** Trek's Motion to Dismiss Plaintiff's false endorsement claim.

### D.    UCL

Trek's arguments for dismissal of Plaintiff's UCL claim assumed that its Section 3344.1 claim would be dismissed. Because the Section 3344.1 claim survives Trek's Motion, the Court **DENIES** Trek's Motion to Dismiss Plaintiff's UCL claim.

### V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Trek's Motion to Dismiss Plaintiff's Section 3344.1, false endorsement, and UCL claims. The parties have stipulated to strike Plaintiff's common law right of publicity claim from the Complaint.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer