JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-07136-RGK-KS | Date | June 01, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:**  (IN CHAMBERS) Order Re: Motion to Transfer (DE 36)

## I.  INTRODUCTION

Make Him Smile, Inc. ("Plaintiff") filed this action on September 11, 2017 against Trek Bicycle Corporation ("Defendant") for violation of its California common law and statutory rights of publicity, false endorsement in violation of the Lanham Act, and unfair business practices under California Business and Professions Code § 17200. Plaintiff, a California corporation, is the alleged successor-in-interest to the estate and intellectual property rights of the deceased comedian Chris Farley. Defendant, a Wisconsin corporation, designs, builds, markets, and sells bicycles and bicycle products. One such product is a "Fat Bike," which Defendant markets using the brand name "Farley." Plaintiff claims that Defendant chose the name "Farley" to associate its product with Chris Farley. Although Defendant does some business in California, its principal place of business and place of incorporation is Waterloo, Wisconsin—part of the Western District of Wisconsin.

Plaintiff originally filed the action in Los Angeles Superior Court. Defendant removed the action to this Court on September 27, 2017. Presently before the Court is Defendant's unopposed Motion to Transfer Venue to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court **GRANTS** Defendant's Motion.

## II.  JUDICIAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to transfer lies within the discretion of the court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Once the court determines that the plaintiff could have brought the action in the transferee district, the court evaluates three factors to determine whether transfer is proper: (1) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-07136-RGK-KS | Date | June 01, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp. et al.* | | |

convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See, e.g., Safarian v. Maserati North America, Inc.*, 559 F. Supp. 2d 1068, 1070 (C.D. Cal. 2008).

The district court determines whether transfer is convenient and fair based on several "individualized, case-by-case consideration[s]." *Stewart Org., Inc. v. Ricoh Corp*, 487 U.S. 22, 29 (1988). "For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is more familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

### III. DISCUSSION

Defendant argues transfer is proper because (1) Plaintiff could have brought this action in the Western District of Wisconsin and (2) the interests of justice and convenience factors favor transfer to Wisconsin. Plaintiff does not oppose the motion. The Court finds transfer proper.

#### A. Plaintiff could have brought this action in the Western District of Wisconsin

The transferee district has personal jurisdiction over Defendant because Defendant's principle place of business is in Waterloo, Wisconsin, and a substantial part of the marketing decisions at issue were made in Waterloo, Wisconsin. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (stating a corporation is subject to general personal jurisdiction in its principal place of business). For this same reason, venue is proper. 28 U.S.C. § 1391. The transferee district has subject matter jurisdiction over the action because Plaintiff's Lanham Act claims arise under federal law, and the court can exercise supplemental jurisdiction over Plaintiff's remaining California state-law claims. *See* 28 U.S.C. §§ 1331, 1367(a). Thus, Plaintiff could have brought the action in the transferee district.

#### B. The convenience factors and interests of justice favor transfer to the Western District of Wisconsin

Plaintiff is incorporated in California, its current president resides in California, and it chose to sue in California. Otherwise, the convenience factors weigh in favor of transfer. With the exception of its President, Plaintiff's officers reside in Wisconsin. Plaintiff had no California officers when Defendant named and released its Farley bike. Defendant is located in Wisconsin and made the decision to name and market its Fat Bikes as "Farley" in Wisconsin. Defendant has indicated that the majority of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-07136-RGK-KS | Date | June 01, 2018 |
|---|---|---|---|
| Title | *Make Him Smile, Inc. v. Trek Bicycle Corp. et al.* | | |

party and nonparty witnesses resides in Wisconsin or nearby Illinois. The majority of documentary evidence is likewise located in Wisconsin or Illinois. Transfer to the district where the majority of witnesses and sources of evidence are located will reduce the costs of litigation. Under these circumstances, the Court finds transfer of this matter to the Western District of Wisconsin will promote the convenience of the witnesses and parties and serve the interests of justice.

IV.  **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **transfers** the action to the Western District of Wisconsin.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer